UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

COURT FILE NO.: CV - _____

| | |
|---|---|
| Yakov SMOTRITSKIY,<br><br>Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC; and DOES 1-10 inclusive<br><br>Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business in this District.

## PARTIES

4. Plaintiff, Yakov Smotritskiy, is a natural person who resides in Flanders, County of Morris, State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Portfolio Recovery Associates, LLC is a collection agency operating from an office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendant, and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined once their identities are disclosed through discovery.

## FACTUAL ALLEGATIONS

**A. Debt**

7. Sometime in 2008-2009, Plaintiff, Yakov Smotritskiy, is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

9. On April 30, 2010, Plaintiff filed Chapter 7 Bankruptcy petition with the Bankruptcy Court for the District of New Jersey.

10. On August 18, 2010, Plaintiff was granted a discharge under section 727 of title 11, United States Code.

11. The debt was listed on the bankruptcy petition and the Defendant was notified by the New Jersey Bankruptcy Court of Chapter 7 filing and of the subsequent discharge.

12. Defendant attempted to collect the Debt and, as such engaged in "communications" as that term is defined in 15 U.S.C. § 1692a(2).

**B. Defendant Engages in Harassment and Abusive Tactics.**

13. Sometime in or around September 2010, Defendant, through its agents/employees began calling Plaintiff daughter's phone number and leaving several harassing pre-recorded phone messages, which stated:

> *"This is an important message for Smotritskiy Yakov, from Portfolio Recovery Associates. Please return this call at 1-866-428-8102 at your earliest convenience. This communication will be with a debt collector and is an attempt to collect a debt. Any info obtained will be used for that purpose. Our main office is located at 120 Corporate Blvd, Norfolk, VA"*

14. These messages were heard by the Plaintiff's daughter, son-in-law, and grandson.

15. On October 24, 2010, the Plaintiff's wife contacted defendant at the number given in a voice message and spoke with agent/employee of the Defendant.

16. Plaintiff's wife explained that she believed they did not owe this debt and requested a validation of the debt.

17. Defendant's agent/employee told Plaintiff's wife that they would not be sending any validation letters and the next communication that the Plaintiff receives will be from Morris County Superior Court. Defendant's agent/employee stated that the file was already in litigation and if the payment was not made immediately, Defendant would file a lawsuit with the Morris County Superior Court.

## C. Plaintiff Suffered Actual Damages

18. Defendant, without Plaintiff's consent and disregard for his privacy, left messages on his daughter's answering machine with an attempt to humiliate and coerce Plaintiff into paying the debt which was already discharged in Bankruptcy proceedings.

19. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, headaches, loss of appetite, and shortness of breath.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23. Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant communicated with Plaintiff after knowing that Plaintiff was represented by an attorney.

24. Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

25. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.

26. Defendant's conduct violated 15 U.S.C. § 1692d(10) in that Defendant employed false and deceptive means to collect a debt.

27. Defendant's conduct violated 15 U.S.C. § 1692 (F) in that Defendant used unfair or unconscionable means to collect or attempt to collect a debt.

28. Defendant's conduct violated 15 U.S.C. § 1692g in that Defendant failed to send the consumer a validation notice within five days of the initial communication.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                            Respectfully submitted,

Dated: October 25, 2010            /s/ *Stanley Smotritsky*
-----------------------------------------
Stanley Smotritsky, Esq.
SMOTRITSKY & SPEKTOR, PLLC
Attorneys for Plaintiff
1928 Kings Highway, 3rd Floor
Brooklyn, New York 11229
Telephone: (718) 554-3630
Facsimile: (718) 679-9196
stan@srlawonline.com